IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **CAMILLE STURDIVANT**, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**BLUE VALLEY UNIFIED SCHOOL** )<br>**DISTRICT, USD 229,** *et al***.** )<br>)<br>Defendants. ) | Civil No. 2:18-CV-2661-JWL-TJJ |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT

Camille Sturdivant (Plaintiff) by and through her undersigned counsel of record and moves this Court for leave to amend her Complaint to provide clarification to USD 229, Murphy Pressly, Fine, Porter (collectively Defendants) of the allegations against them and to add Kevin Murakami as a Defendant to this action. Plaintiff states the following in support of her motion for leave to amend:

1. Leave to amend should be granted freely where justice so requires pursuant to Fed. R. Civ. Pro. 15(a)(2).

2. While Plaintiff believes these allegations are clearly made out in the Complaint; Defendants have brought up what they believe to be ambiguities that can be clearly addressed by Plaintiff, some of those include:

- USD 229, Murphy Pressly and Fine claim that Plaintiff's Complaint does not clearly allege that Mr. and Mrs. Sturdivant complained to Murphy Pressly that Plaintiff's race was the reason for the exclusion in the contemporary dance. (Memorandum in Support of USD 229 and Dr. Pressly's Motion for Partial Judgment on the Pleadings, pp. 2, ¶ 4; and Fine's

1

Reply Memorandum in Support of Motion to Dismiss, pp. 3-4) Plaintiff would like an opportunity to make clear that Mr. and Mrs. Sturdivant specifically complained to Murphy Pressly that Murakami's comments as to Plaintiff's skin color being too dark and clashing with costumes were cited as the reason for the exclusion in the contemporary dance by Mr. and Mrs. Sturdivant. A fact that Murphy Pressly is well aware of, as email exchanges were made between the parties to that end.

- In Fine's Motion to Dismiss and her subsequent reply, Defendant claims that Plaintiff is basing her entire Complaint on racially derogatory text messages, even though Plaintiff clearly alleges a violation of Equal Protection. Plaintiff would like an opportunity to make clear that we are alleging that Plaintiff was excluded from the contemporary dance in 2017 and other Dazzler federally funded activities which took place after Fine's employment was terminated. This is the basis for the equal protection claim and the racially derogatory text messages are direct evidence of the racial animus Fine held for Plaintiff.

- Fine states that Plaintiff makes contradictory allegations surrounding the claim that Plaintiff was excluded from the contemporary dance but then Plaintiff states later that she was allowed to dance (Fine's Reply Memorandum in Support of Motion to Dismiss, pp. 3-4, ¶ 3). Plaintiff would like an opportunity to make clear that Plaintiff was excluded from the contemporary dance as already alleged in May of 2017, the previous school year, despite the fact that Plaintiff erroneously stated she was excluded her Senior year (Plaintiff's Memorandum in Opposition to Carley Fine's Motion to Dismiss, pp. 2, ¶ 3). Plaintiff believes these dates were included in the Complaint but will amend to make certain there is no confusion surrounding when the exclusion of Plaintiff in the contemporary dance took place.

3. Plaintiff requests leave to amend to make clear that Murakami was a coaching assistant for Defendant Fine. As such, Murakami excluded Plaintiff from the contemporary dance in 2017 with Defendant Fine's knowledge and did so at the direction of Fine, because Fine was the Head Coach of the Dazzler's and had final approval over all decisions made regarding her dance team.

4. Plaintiff requests leave to amend the Complaint to allege that the inadequate scrutiny of Fine's background led to the obvious consequence that the decision to hire her would deprive the Plaintiff of her federally protected rights and her exclusions of Plaintiff and racially derogatory text messages concerning Plaintiff put USD 229 on notice that additional or different training of Porter was needed.

5. Plaintiff requests leave to amend the Complaint to alleged that the inadequate scrutiny of Murakami's background or of Fine's in allowing her to hire Murakami led to the obvious consequence that the decision to hire her would deprive the Plaintiff of her federally protected rights and that his exclusions of Plaintiff and his involvement in the racially derogatory text messages concerning Plaintiff put USD 229 on notice that additional or different training of Murakami was needed.

6. Plaintiff requests leave to amend the Complaint to allege that the inadequate scrutiny of Porter's background led to the obvious consequence that the decision to hire her would deprive the Plaintiff of her federally protected rights and that her exclusions of Plaintiff put USD 229 on notice that additional or different training of Porter was needed.

7. Plaintiff requests leave to amend to include a Count against USD 229 for failure to train Kevin Murakami.

8. Plaintiff requests leave to amend to include a Count against Kevin Murakami for an Equal Protection violation as an individual defendant.

9.      Plaintiff requests leave to more clearly allege the deliberately indifferent standard applicable to individual Defendants Fine, Murakami and Porter for violations of Equal Protection.

10.     Plaintiff requests leave to allege more clearly that Murphy Pressly had actual knowledge of the constitutional deprivations levied against Plaintiff, the standard applicable to Count VIII to imposing supervisory liability for violation of Equal Protection.

In conclusion, Plaintiff has shown good cause and support pursuant to Fed. R. Civ. Pro. 15(a)(2) which states that, "leave to amend should be granted freely where justice so requires." In the present case, Plaintiff believes that any ambiguities regarding allegations made by Plaintiff in her Original Complaint will be cured by the above cited amendments which seek to clarify: 1) factual allegations; 2) the time frame for exclusions which are the basis of this lawsuit; and 3) the standard utilized for individual and supervisory liability for Equal Protection violations; and 4) add Kevin Murakami as a party.   Plaintiff has attached the amended version of the Complaint as an exhibit to this motion. Plaintiff respectfully requests this Court to grant Plaintiff's Motion for Leave to Amend her Complaint.

Respectfully Submitted,

**BRATCHER GOCKEL LAW, L.C.**

By      */s/Lynne Jaben Bratcher*_____
         Lynne Jaben Bratcher, Mo. Bar No.:  31203
         Marie L. Gockel, Ks. Bar No.:  12591
         Antonette M. DuPree, Mo. Bar No.: 70039
         4014 B South Lynn Court
         Independence, MO  64055
         Ph: (816) 221-1614
         E-Mail:  lynne@bgklawyers.com
                      marie@bgklawyers.com
                      antonette@bgklawyers.com

**ATTORNEYS FOR PLAINTIFF**

I hereby certify that a copy of the foregoing was electronically filed on this 19th day of March, 2019, with the Clerk of the Court via the CM/ECF system which automatically transmits a Notice of Electronic Filing to the following counsel:

Gregory P. Goheen, #16291
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
ggoheen@mvplaw.com
**Attorney for Defendant Carley Fine**

David R. Cooper, #16690
Terrelle A. Mock, #21465
Fisher, Patterson, Sayler & Smith, LLP
3550 S.W. 5th Street
Topeka, KS 66606
dcooper@fisherpatterson.com
tmock@fisherpatterson.com
**Attorneys for Defendant Katie Porter**

W. Joseph Hatley, KS #12929
Stephanie Lovett-Bowman, KS #24842
Madison A. Perry, KS #27144
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
jhatley@spencerfane.com
slovettbowman@spencerfane.com
mperry@spencerfane.com
**Attorneys for Defendants Blue Valley USD 229 and Amy Pressly**

*/s/Antonette M. DuPree*
Attorney for Plaintiff