### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

| | |
|---|---|
| **CAMILLE STURDIVANT**, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:18-CV-2661-JWL-TJJ |
| ) | |
| **BLUE VALLEY UNIFIED SCHOOL** ) | |
| **DISTRICT, USD 229,** *et al*. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| And ) | |
| ) | |
| **KEVIN MURAKAMI,** an individual ) | |
| (Serve: ) | |
| ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED COMPLAINT

Plaintiff brings this suit to seek compensation and redress for harms suffered as a result of Defendant Blue Valley School District and its agents, Principal Amy Murphy-Pressly, former Coach, Carley Fine, Coaching Assistant Kevin Murakami and teacher Katie Porter's conduct and the ratification and retaliation that followed, in violation of 42 U.S.C § 1983, the Fourteenth Amendment, and Title VI of the Civil Rights Act of 1964.

### JURISDICTION AND VENUE

1.      This is a case arising under 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. As such, Plaintiff has presented a federal question and the court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1367.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the

events or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Defendant Blue Valley Unified School District, (USD 229), is a Kansas school district comprised of over 20,000 students located in Overland Park, Leawood, and other communities in Eastern Kansas. The district headquarters are located at: 15020 Metcalf Avenue, Overland Park, KS 66223.

4. USD 229 acts through its employees and agents, all of whom were acting within their scope of employment and/or agency during the events described herein.

5. At all times material, Defendant Murphy (Murphy Pressly), was acting within her scope and employment as the Principal of USD 229 and under color of law. On information and belief Murphy was married in September 2018 and is now Amy Pressly.

6. Plaintiff Sturdivant (Sturdivant), was an African-American student of Blue Valley Northwest High School and a member of the Dazzlers dance team, "Dazzlers", graduating in May 2018.

7. Defendant Carley Fine (Fine), was the Caucasian Coach of the Dazzlers and was employed by USD 229.

8. At all times material, Fine was acting within her scope and employment as an agent of Defendant USD 229 and under color of law.

9. Defendant Kevin Murakami (Murakami) was the Assistant Coach/Choreographer of the Dazzlers.

10. At all times material, Murakami was acting by and at the direction of Fine an agent of Defendant USD 229, acting under color of law.

11. Defendant Katie Porter, "Porter" is a Caucasian third grade teacher at Cottonwood

Point Elementary within USD 229 and at all times material, had a daughter who was a member of the Dazzlers.

12. At all times material, Porter was acting within her scope and employment as an agent of Defendant USD 229 and under color of law.

## FACTS COMMON TO ALL COUNTS

13. The District is the recipient of federal funds and is a school subject to Title VI of the Civil Rights Act of 1964 and its amendments thereto.

14. Sturdivant was a student of USD 229.

15. Sturdivant was a member of the Dazzlers during her Sophomore, Junior and Senior years of high school.

16. Sturdivant was one (1) of two (2) African-American members on the fourteen-member team. There were several upcoming performances by the Dazzlers scheduled for the next school year.

17. In July 2017, the choreographer, Kevin Murakami on behalf of and with the knowledge and acquiescence of Fine, excluded Sturdivant from performing in the contemporary dance because he said that her skin was too dark and the audience would look at her and not the other dancers. Murakami also told Sturdivant that her skin color clashed with the color of the costumes.

18. In September 2017, Sturdivant's parents, Mike and Melodie Sturdivant, met with Murphy Pressly for the specific purpose of notifying Murphy Pressly about the comments directed at Plaintiff's race and complained to Murphy Pressly at that time about her exclusion from participation in the contemporary dance. Text messages were exchanged between Murphy Pressly and the Sturdivant's regarding the subject.

19. Murphy Pressly informed Mr. and Mrs. Sturdivant that Fine could pick whoever she wanted to perform in the dances.

20. Sturdivant had been accepted to go to college at the University of Missouri. Sturdivant tried out for the University of Missouri dance team the Golden Girls, during her senior year at Blue Valley Northwest.

21. In April 2018, Sturdivant learned she had made it on the Golden Girls team at the University of Missouri for the upcoming academic year.

22. On May 1, 2018, Sturdivant was assisting Fine with the dance team. Fine had given Sturdivant her cell phone so that Sturdivant could assist Fine in cuing up music for the Dazzlers during practice. While Sturdivant had Fine's cell phone, a text message appeared from choreographer Murakami. The message was as follows:

Murakami: "I can't believe Maggie didn't make it again. I'm heart broken".

Fine: "AND CAMILLE (Sturdivant) MADE MENS. I can't talk about it."

Murakami: "THAT DOESN'T MAKE SENSE. I'm so mad."

Fine: "It actually makes my stomach hurt.

Murakami: haha (emoji)

Fine: "Bc she's fucking black. I hate that"

Murakami: "me too"

23. Sturdivant read the message and was sickened.

24. On May 1, 2018, Mr. and Mrs. Sturdivant showed Murphy Pressly the text message between Murakami and Fine. Fine's employment was terminated the following day on May 2, 2018.

25. Defendant Fine was instructed at the time of her termination by Murphy Pressly

4

that she could not be on school property, nor was she to have contact with Sturdivant or other members of the Dazzlers dance team. However, neither USD 229 nor Murphy Pressly ever enforced the ban on Fine.

26. This disciplinary action taken by Murphy Pressly could be characterized as nothing more than lip service as the Sturdivants have witnessed Fine at Blue Valley Northwest High School on several occasions since her termination, including seeing her with members of the Dazzlers on school property, and including but not limited to the following events:

27. A parent of one of the Dazzler girls, Liz Taggart, told other parents that Carley (Fine) said "something racial to Camille (Sturdivant), but it was blown out of proportion."

28. A team banquet, which had been prepaid for by the Dazzlers' parents, including the Sturdivants, had been scheduled for May 8, 2018.

29. Murphy Pressly informed Mr. and Mrs. Sturdivant that the banquet had been canceled, but in fact it had not.

30. However, on the night of May 3, 2018 Fine attended a dinner at the house of one of the dancers. The dinner was coordinated by a parent. In attendance at the dinner was a teacher of USD 229, Porter. Porter's daughter was also a dancer on the Dazzlers, and Porter participated in excluding Sturdivant.

31. On another such occasion, pictures surfaced in which all of the other dancers except Sturdivant were at the team banquet on the Plaza on May 8, 2018. Fine was there in violation of the terms of her termination with the school. Porter was in attendance as well.

32. When approached by the Sturdivants about the exclusion of their daughter in these activities and the apparent and repeated violations by Fine, Murphy Pressly claimed nothing could be done.

33. However, because of the fact that USD 229 staff (Porter) was in attendance at the dinners and actively participated in the exclusion of Sturdivant, presumably the contributions by parents, including the Sturdivants, which were used to pay for the dinners, in fact made the dinners school sanctioned events.

34. The Dazzlers had their final performance at the school. All of the girls except Sturdivant and the other African-American team member wore purple ribbons on their uniforms with the initials "CF" for Carley Fine.

35. After the final performance, the other members of the team took team photos on school property, excluding Sturdivant and the other African-American team member.

36. USD 229 and Murphy Pressly failed to protect Sturdivant from exclusion in school sponsored activities by Fine, Murakami and/or Porter, all agents of USD 229, and other Caucasian team members.

## COUNT I
## TITLE VI - DISCRIMINATION/RETALIATION
Asserted Against Defendant USD 229

37. Sturdivant hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count I of her Complaint.

38. The District is a recipient of federal funds.

39. Sturdivant was excluded from school sponsored activities and was denied the full panoply of educational benefits afforded other similarly situated members of the Dazzlers because of her race, African-American.

40. USD 229 employees and agents with authority, power and discretion to stop the exclusions, instead remained deliberately indifferent by taking no meaningful steps to protect Sturdivant.

41. USD 229 employees and agents knew that the parents and members of the Dazzlers were contemplating retaliation against Sturdivant but failed to take appropriate measures to prevent the harassment and retaliation from occurring.

42. USD 229 employees had the means to stop Fine, Porter, and other parents and students from engaging in reprisal activity because the school sponsored the Dazzlers program.

43. USD 229 deliberately failed to supervise USD 229 employees that had the means and authority to stop the harassment or reprisal that Sturdivant suffered.

44. USD 229's decision to do nothing was deliberately indifferent, willful and committed with reckless disregard of Sturdivant's rights, safety and well-being.

45. As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against all USD 229 for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

<u>**COUNT II**</u>
<u>**SECTION 1983 – FAILURE TO HIRE A QUALIFIED COACH AND FAILURE TO ADEQUATELY TRAIN CARLEY FINE**</u>
Asserted against Defendant USD 229

46. Sturdivant hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count II of her Complaint.

47. USD 229 is the recipient of federal funds and was acting under color of law when they hired Carley Fine to work as a teacher for Blue Valley Northwest High School.

48. On information and belief, Fine was hired and retained to work as a teacher for the school district without any undergraduate or graduate degree(s), certifications and/or training, on the subject she taught and in fact had no post high school education.

49. Fine had no previous training on grading standards or expectations and graded her students based purely on random and/or biased grading criteria.

50. USD 229 engaged in such a persistent and widespread practice which was either authorized by official policy or so common and well settled as to constitute a custom that fairly represents USD 229 policy of failing to adequately train their educators and other staff in relation to the tasks of the job, including but not limited to, the handling of issues of discrimination, harassment and retaliation.

51. Fine was either given no training on issues of harassment, discrimination and retaliation or given such scant and ineffective training as to render it meaningless.

52. USD 229's failure to hire credentialed educators and staff and the subsequent failure to adequately train Fine and other educators and staff on issues of discrimination, harassment and retaliation resulted in the violation of Sturdivant's federally protected rights.

53. On information and belief, Fine engaged in conduct against Sturdivant in violation of a spurious directive given by USD 229 for the Dazzler to not retaliate against Sturdivant and to not have contact with Fine.

54. USD 229 was made aware of the retaliatory conduct of Fine, Porter and the Dazzler dancers aimed at Sturdivant and did nothing to correct it.

55. All other students at Blue Valley Northwest High School similarly situated as Sturdivant were not treated in this manner by Defendant USD 229.

56. As a result of USD 229's acts and/or omissions, Sturdivant was singled out by Fine,

Porter and the Dazzlers dance team and was denigrated because of her race.

57. There was no rational basis for USD 229 to allow Fine to discriminate and retaliate against Plaintiff by engaging with the Dazzlers and other school staff (Porter) on numerous occasions in a school sponsored activities designed to single Sturdivant out and aid, abet, incite and encourage the Dazzlers to discriminate and retaliate against Plaintiff by excluding her from school sponsored activities in effect denying her the full panoply of educational benefits of which she is constitutionally afforded as a student of USD 229.

58. USD 229's conduct was deliberately indifferent to the Constitutional rights of Sturdivant.

59. USD 229's conduct was wanton and recklessly indifferent to Sturdivant's rights and well-being.

60. As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against Defendant USD 229 for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

## COUNT III
## SECTION 1983 – FAILURE TO ADEQUATELY TRAIN KEVIN MURAKAMI
Against USD 229

61. Plaintiff ("Sturdivant") hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count III of her Complaint.

62. USD 229 is the recipient of federal funds and was acting under color of law when they hired and paid Murakami to assist Fine in coaching the Dazzlers Program for Blue Valley Northwest High School.

63. USD 229 engaged in such a persistent and widespread practice which was either authorized by official policy or so common and well settled as to constitute a custom that fairly represents USD 229 policy of failing to adequately train their educators and other staff in relation to the tasks of the job, including but not limited to, the handling of issues of discrimination, harassment and retaliation.

64. Murakami was either given no training on issues of harassment, discrimination and retaliation or given such scant and ineffective training as to render it meaningless.

65. USD 229's failure to adequately train Murakami and their educators and staff on issues of discrimination, harassment and retaliation resulted in the violation of Sturdivant's federally protected rights.

66. On information and belief, Murakami engaged in discriminatory conduct against Sturdivant.

67. USD 229 was made aware of the discriminatory conduct of Murakami aimed at Sturdivant and did nothing to correct it and/or train or retrain Murakami on issues of harassment, discrimination and retaliation.

68. All other students at Blue Valley Northwest High School similarly situated as Sturdivant were not treated in this manner by Defendant Porter.

69. As a result of USD 229's acts and/or omissions, Sturdivant was singled out by Murakami and was denigrated because of her race.

70. There was no rational basis for USD 229 to allow Murakami, an assistant to Fine

and an employee within the school district, to single Sturdivant out and discriminate against her by excluding her from school sponsored activities in effect denying Plaintiff the full panoply of educational benefits of which she is constitutionally afforded as a student of USD 229.

71.     USD 229's conduct was deliberately indifferent to the Constitutional rights of Sturdivant.

72.     USD 229's conduct was wanton and recklessly indifferent to Sturdivant's rights and well-being.

73.     As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against Defendant USD 229 for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

## COUNT IV
### SECTION 1983 – FAILURE TO ADEQUATELY TRAIN KATIE PORTER
Asserted Against USD 229

74.     Plaintiff ("Sturdivant") hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count IV of her Complaint.

75.     USD 229 is the recipient of federal funds and was acting under color of law when they hired Katie Porter to work as a teacher for USD 229.

76.     USD 229 engaged in such a persistent and widespread practice which was either authorized by official policy or so common and well settled as to constitute a custom that fairly

11

represents USD 229 policy of failing to adequately train their educators and other staff in relation to the tasks of the job, including but not limited to, the handling of issues of discrimination, harassment and retaliation.

77. Porter was either given no training on issues of harassment, discrimination and retaliation or given such scant and ineffective training as to render it meaningless.

78. USD 229's failure to adequately train Porter and their educators and staff on issues of discrimination, harassment and retaliation resulted in the violation of Sturdivant's federally protected rights.

79. On information and belief, Porter engaged in conduct against Sturdivant in violation of a spurious directive given by USD 229 for the Dazzlers to not retaliate against Sturdivant and to not have contact with Fine.

80. USD 229 was made aware of the retaliatory conduct of Porter and the Dazzlers aimed at Sturdivant and did nothing to correct it and/or retrain Porter on issues of harassment, discrimination and retaliation.

81. All other students at Blue Valley Northwest High School similarly situated as Sturdivant were not treated in this manner by Defendant Porter.

82. As a result of USD 229's acts and/or omissions, Sturdivant was singled out by Porter and the Dazzlers dance team and was denigrated because of her race.

83. There was no rational basis for USD 229 to allow Porter, a teacher within the school district, or its students that were engaging in school sponsored activities to single Sturdivant out and aid, abet, incite and encourage them to discriminate against Plaintiff by excluding her from school sponsored activities in effect denying her the full panoply of educational benefits of which she is constitutionally afforded as a student of USD 229.

84. USD 229's conduct was deliberately indifferent to the Constitutional rights of Sturdivant.

85. USD 229's conduct was wanton and recklessly indifferent to Sturdivant's rights and well-being.

86. As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against Defendant USD 229 for actual and compensatory damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

## COUNT V
## SECTION 1983 – EQUAL PROTECTION
Asserted against Defendant Fine

87. Plaintiff ("Sturdivant") hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count IV of her Complaint.

88. Fine was acting under color of law as an educator for USD 229, a federally funded public institution.

89. Sturdivant was singled out by Fine and denigrated because of her race.

90. All other students at Blue Valley Northwest High School similarly situated as Sturdivant were not treated in this manner by Defendant Fine.

91. There was no rational basis for Fine to single Sturdivant out for use of racially derogatory comments.

92. Fine's conduct was deliberately indifferent to the Constitutional rights of Sturdivant.

93. Fine's conduct was willful, wanton and recklessly indifferent to Sturdivant's rights and well-being.

94. As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Fine for actual damages, compensatory and punitive damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

### COUNT VI:
### SECTION 1983 – EQUAL PROTECTION
Asserted against Defendant Murakami

95. Plaintiff ("Sturdivant") hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count VI of her Complaint.

96. Murakami was acting under color of law as an educator for USD 229, a federally funded public institution.

97. Sturdivant was singled out by Murakami and denigrated because of her race.

98. All other students on the Dazzlers dance team, a school sponsored program that receives federal funds, similarly situated as Sturdivant were not treated in the same manner by Porter.

99. There was no rational basis for Murakami to single Sturdivant out and discriminate

against Plaintiff by excluding her from school sponsored activities.

100. Murakami's conduct was deliberately indifferent to the Constitutional rights of Sturdivant.

101. Murakami's conduct was willful, wanton and recklessly indifferent to Sturdivant's rights and well-being.

102. As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants for actual damages, compensatory and punitive damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

### COUNT VII: SECTION 1983 – EQUAL PROTECTION
Asserted against Defendant Katie Porter

103. Plaintiff ("Sturdivant") hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count VI of her Complaint.

104. Porter was acting under color of law as an educator for USD 229, a federally funded public institution.

105. Sturdivant was singled out by Porter and denigrated because of her race.

106. All other students on the Dazzlers dance team, a school sponsored program that receives federal funds, similarly situated as Sturdivant were not treated in the same manner by Porter.

15

107. There was no rational basis for Porter to single Sturdivant out and aid, abet, incite and encourage the other girls on the Dazzlers dance team to discriminate against Plaintiff by excluding her from school sponsored activities in which Porter was in attendance.

108. Porter's conduct was deliberately indifferent to the Constitutional rights of Sturdivant.

109. Porter's conduct was willful, wanton and recklessly indifferent to Sturdivant's rights and well-being.

110. As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants for actual damages, compensatory and punitive damages in an amount that is fair and reasonable, all costs, expenses, expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

### COUNT VIII: SECTION 1983 – EQUAL PROTECTION CUSTOM AND PRACTICE
Asserted against Defendant Murphy Pressly

111. Plaintiff ("Sturdivant") hereby adopts and incorporates by reference all allegations previously and hereafter stated into Count VIII of her Complaint.

112. Murphy Pressly was acting under color of law as an educator and Administrator of USD 229, a federally funded public institution.

113. As the principal of Blue Valley Northwest High School Murphy Pressly was responsible for the direct supervision of Fine.

114. Murphy Pressly was responsible for setting the policy and training requirements for coaches at the school.

115. Murphy Pressly had actual knowledge and/or a conscious indifference that Fine and Murakami had made racially derogatory statements about Sturdivant and that she was being excluded from school activities in retaliation for her parents' complaints about the racial discrimination and yet did nothing to prevent or stop the discrimination and reprisal activity.

116. Murphy Pressly had actual and/or a conscious indifference that Sturdivant was excluded from Dazzler activities by Fine, Murakami and by the parents and other students in the Dazzlers dance team and yet did nothing to prevent of stop the exclusions and reprisal activity.

117. Murphy Pressly had actual knowledge and/or a conscious indifference that neither Fine nor Murakami had been properly trained on race discrimination through USD 229 and yet did nothing to remedy the situation by providing further training.

118. Murphy Pressly had actual and/or a conscious indifference that Porter, a teacher of USD 229, was in attendance at events and/or activities in which Sturdivant was excluded from participation, resulting in those events and/or activities being sponsored by USD 229, and yet Murphy Pressly did nothing to prevent Porter from participating in further exclusions and reprisal activity.

119. As a direct and proximate result of Defendants' wrongful conduct, Sturdivant has suffered and continues to suffer from great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, degradation, loss of self-esteem, disgrace, missed educational opportunities, humiliation, and pain and suffering.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants for actual damages, compensatory and punitive damages in an amount that is fair and reasonable, all costs, expenses,

expert witness fees, and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all allegations contained in this Complaint that are triable by a jury.

Respectfully Submitted,

**BRATCHER GOCKEL LAW, L.C.**

By     */s/ Lynne Jaben Bratcher*
Lynne Jaben Bratcher, Mo. Bar No.:  31203
Marie Lynn Gockel, Mo. Bar No.:  31208
Antonette M. DuPree, Mo. Bar No.: 70039
4014 B South Lynn Court
Independence, MO  64055
Ph: (816) 221-1614
Fax: (816) 421-5910
E-Mail:  lynne@bgklawyers.com
marie@bgklawyers.com
antonette@bgklawyers.com

**ATTORNEYS FOR PLAINTIFF**

I hereby certify that a copy of the foregoing
was electronically filed on this 28th day of
March, 2019, with the Clerk of the Court
via the CM/ECF system which automatically
transmits a Notice of Electronic Filing to the
following counsel:

David R. Cooper, #16690
Terrelle A. Mock, #21465
Fisher, Patterson, Sayler & Smith, LLP
3550 S.W. 5th Street
Topeka, KS 66606
dcooper@fisherpatterson.com
tmock@fisherpatterson.com
**Attorneys for Defendant Katie Porter**

Case 2:18-cv-02661-JWL-TJJ   Document 34   Filed 03/28/19   Page 19 of 19

Gregory P. Goheen, #16291
McAnany, Van Cleave & Phillips, P.A.
10 E. Cambridge Circle Drive, Suite 300
Kansas City, KS 66103
ggoheen@mvplaw.com
**Attorney for Defendant Carley Fine**

W. Joseph Hatley, KS #12929
Stephanie Lovett-Bowman, KS #24842
Madison A. Perry, KS #27144
Spencer Fane LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
jhatley@spencerfane.com
slovettbowman@spencerfane.com
mperry@spencerfane.com
**Attorneys for Defendants Blue Valley USD 229
and Amy Pressly**


*/s/Lynne Jaben Bratcher*
Attorney for Plaintiff

19