# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CAMILLE STURDIVANT, )
)
                Plaintiff, )
)
v. ) Case No. 18-cv-2661-JWL-TJJ
)
BLUE VALLEY UNIFIED SCHOOL )
DISTRICT, USD 229, et al., )
)
                Defendants. )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 127). Plaintiff seeks to amend her complaint to add a retaliation claim against Defendant Carley Fine ("Fine"). Fine objects to such amendment on the bases of untimeliness, prejudice, and futility (ECF No. 128). Previously dismissed defendant Katie Porter ("Porter") also objects because the proposed amended complaint does not remove the previously dismissed claims against Porter (ECF No. 130). Similarly, Defendants Blue Valley Unified School District, USD 229 ("USD 229") and Dr. Amy Pressly ("Pressly") object to the proposed amended complaint to the extent it includes claims the Court has previously dismissed (ECF No. 131). Because the Court finds Plaintiff's motion to be untimely for the reasons explained below, the Court denies the motion.

### I. Relevant Procedural History

The Court conducted an in-person Final Pretrial Conference with the parties on February 27, 2020.[1] Before the conference, the parties submitted to the Court a proposed pretrial order. In

---

[1] ECF No. 126.

the proposed order, Plaintiff listed her legal claims, which included, in relevant part, the following language:

> As to Defendant Fine: Section 1983 Equal Protection claim stemming from Fine's discrimination on the basis of Camille Sturdivant's race (*Count V of First Amended Complaint*). Fine subjected Sturdivant to a racially discriminatory and retaliatory environment in violation of her equal protection rights.

Plaintiff argued she alleged a retaliation claim against USD 229 in her First Amended Complaint (ECF No. 34) but not against Fine because she did not learn that Fine initiated the retaliation against her until late in discovery after receiving copies of text messages between Fine and Fine's sister. Fine objected to the inclusion of the new claim, stating Plaintiff should be limited to the claims set forth in her First Amended Complaint. The Court ruled, after reviewing the pleadings, that Plaintiff had not previously pled a retaliation claim against Fine and the Court would therefore strike the language asserting that claim from the pretrial order. But the Court ordered that Plaintiff would be allowed to file a motion for leave to file an amended complaint on the grounds that the facts upon which the claim would be based were belatedly disclosed.[2] The Court also set an expedited briefing schedule for this issue. Plaintiff filed her motion on March 5, 2020, and Fine filed her response on March 10, 2020.

In Plaintiff's motion, she states she was served with a text message on November 21, 2019 in which Fine allegedly told her sister to "[g]et everyone to boycot" (sic) Plaintiff. The message was sent on May 2, 2018, while Fine was still the coach of the Dazzlers dance team, of which Plaintiff and Fine's sister were members. Plaintiff states until the November 21, 2019

---

[2] *See* ECF No. 129 at 19 n.1.

document production, she was unaware that Fine "encouraged and spearheaded retaliation by the students against Plaintiff."[3]

Fine argues Plaintiff has always been aware of Fine's participation in the alleged retaliation, as evidenced by the fact Plaintiff alleged in her First Amended Complaint that USD 229 was "aware of the retaliatory conduct of Fine" but did nothing about it.[4] Further, Fine argues Plaintiff "could have sought leave to amend contemporaneous with her obtaining the documents" on November 21, 2019.[5] Fine also argues Plaintiff is required to show excusable neglect because she did not seek leave to amend her complaint before the August 1, 2019 deadline in the Scheduling Order (ECF No. 60), but fails to do so.[6]

## II. Legal Standard

Federal Rule of Civil Procedure 15 discusses amended and supplemental pleadings. It provides that a party may amend its pleading once as a matter of course within 21 days after serving it, or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).[7] In all other situations, such as the situation here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[8] Whether to allow a proposed amendment is within the discretion of the court.[9] Generally, refusing leave to amend is justified only upon a showing of undue delay,

---

[3] ECF No. 127 at 2.

[4] ECF No. 128 at 3, ¶ 9.

[5] *Id.* at 10.

[6] *Id.* at 9.

[7] Fed. R. Civ. P. 15(a)(1).

[8] Fed. R. Civ. P. 15(a)(2).

[9] *White v. The Graceland Coll. Ctr. For Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2008 WL 2139585, at *2 (D. Kan. May 20, 2008) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991)).

undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.[10]

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend."[11] When the party seeking to amend knew or should have known the facts upon which the proposed amendment is based but fails to include them in the complaint, the motion to amend is subject to denial.[12] "Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay."[13]

When a motion to amend is filed beyond the scheduling order deadline, as is the case here, the Court must first determine whether the moving party has established "good cause" within the meaning of Fed. R. Civ. P. 16(b)(4) so as to justify allowing the untimely motion.[14] "Only after determining that good cause has been established will the Court proceed to determine if the more lenient Rule 15(a) standard for amendment has been satisfied."[15] To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted "with due diligence," and a lack of prejudice to the opposing party does not show "good cause."[16]

---

[10] *Id.* (internal quotations omitted).

[11] *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[12] *Id.*

[13] *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229–30 (D. Kan. 2002) (quoting *Deghand v. Wal–Mart Stores, Inc.,* 904 F. Supp. 1218, 1221 (D. Kan. 1995)).

[14] *Chambers v. Kansas City Kansas Cmty. Coll.*, No. 11-CV-2646-CM-DJW, 2013 WL 2422733, at *1 (D. Kan. June 3, 2013).

[15] *Id.* (citations omitted).

[16] *Id.* (citations omitted).

**III.  Analysis**

Fine argues Plaintiff's motion should be denied because the motion is untimely and therefore prejudicial. Fine correctly notes that the deadline for any motion for leave to file an amended complaint in this case was August 1, 2019,[17] and Plaintiff did not file this motion until March 5, 2020. However, Plaintiff states Fine produced text messages on November 21, 2019, that indicated Fine encouraged her sister, who was a Dazzler dance team member along with Plaintiff, to "boycott" Plaintiff. Thus, Plaintiff argues she did not have the information necessary to support the proposed amended complaint at the time of the August 1, 2019 deadline. Fine argues because Plaintiff did not seek to amend her complaint by the deadline, she must show excusable neglect under D. Kan. Rue 6.1(a)(4), which she has failed to do, and Plaintiff already alleged claims of retaliation against USD 229 "based, in part, on alleged retaliatory actions of Defendant Fine."[18]

The Court finds the motion is untimely. Fine argues Plaintiff should have included a retaliation claim against Fine in the prior complaints because the allegations allude to Fine's retaliatory conduct. During the pretrial conference, Plaintiff indicated that she was aware retaliation had occurred and that Fine participated in such conduct, including going to an off-campus dinner with all Dazzler dancers except Plaintiff, who was not invited. But Plaintiff said until she received the text messages between Fine and Fine's sister in November, she was unaware that Fine "encouraged and spearheaded" any retaliation, especially while Fine was still the coach of the Dazzlers.[19]

---

[17] ECF No. 60
[18] ECF No. 128 at 9.
[19] ECF No. 127 at 2.

The allegations Plaintiff included in the First Amended Complaint seem to indicate she had the factual basis then to assert a retaliation claim against Fine but failed to do so. Moreover, Plaintiff offers no reason for why she waited three months after receiving the documents she relies upon to request leave to amend her complaint. Plaintiff states in her motion that as of the August 1, 2019 deadline to file a motion to amend her complaint, she did not have information sufficient to add a retaliation claim against Fine. But nowhere in her motion does she provide any explanation for why she waited until the pretrial conference on February 27, 2020 to seek leave to add a new claim, when she received the information upon which she relies for the amended claim on November 21, 2019. The Court also finds it significant that Plaintiff did not seek leave to amend until well after the discovery deadline passed on January 31, 2020. If Plaintiff had sought leave to amend in November, December, or even January, that would have given the parties sufficient time to complete any additional discovery into this new claim (or for Fine to request an extension of the discovery deadline) before January 31, 2020. Thus, the Court finds Plaintiff has failed to show good cause under Fed. R. Civ. P. 16(b)(4), and in fact has failed to provide any explanation at all, to justify the untimely filing of her motion for leave to amend.

Even if the Court applied the Fed. R. Civ. P. 15(a) standard, the motion would be denied because of Plaintiff's undue delay of more than three months past the time Plaintiff received the information necessary to amend her complaint, with no explanation provided for the delay. Although Fine generically states she would be prejudiced if Plaintiff were allowed to amend her complaint without explaining how, "[i]t is within the court's discretion to deny leave to amend for untimeliness or undue delay without a showing of prejudice to the other party."[20] At this late

---

[20] *Koch v. Koch Indus.*, 127 F.R.D. 206, 210 (D. Kan. 1989) (citing *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1137 (10th Cir. 1987)).

stage of the litigation, discovery has closed, the pretrial order has been entered, and the dispositive motion deadline is approaching shortly.

Because the Court finds the motion is untimely, it does not address whether the amendment would be futile. It also does not address Porter's, USD 229's, and Pressly's arguments regarding whether the amended complaint would need to remove the previously dismissed claims against them.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 127) is denied.

**IT IS SO ORDERED.**

Dated March 20, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge